Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CONDUENT BUSINESS SOLUTIONS OF PUERTO RICO, INC. Recurrente V. JUNTA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES, JUNTA REVISORA DE SUBASTAS DE LA ADMINISTRACIÓN DE SERVICIOS GENERALES Recurridos | TA2026RA00161 | *Revisión Administrativa* Procedente de la Administración de Servicios Generales del Gobierno de Puerto Rico RFP Núm.: 24J-13314 Sobre: Proceso de formalizar un contrato para procesar los programas de "*Electronic Benefit Transfer*" (EBT) y "*Electronic Funds Transfer*" (EFT) para el Gobierno de Puerto Rico |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2026.

El caso de epígrafe fue presentando <u>antes</u> de que la Secretaría de este Tribunal de Apelaciones hubiese emitido el mandato de la *Sentencia* dictada y notificada el 27 de marzo de 2026, en el recurso alfanumérico **TA2026RA00111**. Por lo cual, carecemos de jurisdicción por su presentación prematura. Veamos.

**-I-**

Tras la evaluación de las propuestas presentadas ante la Junta de Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico ("Junta de Subastas-ASG"), el **9 de diciembre de 2025**,[1] se emitió un *Award Resolution* sobre el RFP

---
[1] Notificado el 10 de diciembre de 2025 mediante correo electrónico.

24J-13314, en el que notificó la adjudicación de la buena pro a favor de Evertec Group, LLC ("Evertec").[2]

No conforme con la determinación, el **22 de diciembre de 2025**, Conduent Business Solutions of Puerto Rico, Inc. ("Conduent o parte recurrente") sometió una *Solicitud de Revisión de Decisión Administrativa* a la Junta Revisora de Subastas de la Administración de Servicios Generales ("Junta Revisora-ASG").[3]

El **30 de diciembre de 2025**, **Evertec** presentó un escrito intitulado *Oposición de Evertec Group LLC a solicitud de revisión de decisión administrativa*.[4]

Mediante *Resolución* emitida y notificada el **7 de enero de 2026**, la **Junta Revisora-ASG** dispuso que acogería el recurso presentado.[5]

Por su parte, el **13 de enero de 2026**, la **Junta de Subastas-ASG** notificó nuevamente un *Award Resolution* sobre el RFP 24J-13314.[6]

Ante ello y en contestación a la *Moción Informativa y en Solicitud de Aclaración* presentada por **Conduent**,[7] la **Junta Revisora-ASG** emitió una *Resolución* el **15 de enero de 2026**,[8] e indicó que ante la nueva notificación de la **Junta de Subastas-ASG**, cualquiera de las partes afectadas podía presentar una nueva solicitud de revisión dentro del término correspondiente.[9]

En consecuencia, el **23 de enero de 2026**, **Conduent** presentó nuevamente una *Solicitud de Revisión de Decisión*

---

[2] Apéndice 3 "*1) Appendix – Part 1 Resolution Docs and Administrative Review Docs*" de la Entrada Núm. 1 del caso TA2026RA00161, a las págs. 1 – 9.
[3] *Íd.*, a las págs. 10 – 24.
[4] *Íd.*, a las págs. 25 – 38.
[5] *Íd.*, a las págs. 39 – 40.
[6] *Íd.*, a las págs. 41 – 49.
[7] *Íd.*, a las págs. 50 – 51.
[8] Notificada el mismo día.
[9] Apéndice 3 "*1) Appendix – Part 1 Resolution Docs and Administrative Review Docs*" de la Entrada Núm. 1 del caso TA2026RA00161, a las págs. 52 – 53.

*Administrativa*.[10] En oposición, **Evertec** sometió su escrito el **2 de febrero de 2026**.[11] Oportunamente, la **Junta Revisora-ASG** acogió el recurso presentado.[12]

Mediante *Resolución* emitida y notificada el **4 de marzo de 2026**, la **Junta Revisora-ASG** extendió el término para resolver el asunto por un período adicional de quince (15) días.[13]

No obstante, tomamos conocimiento judicial del recurso **TA2026RA00111** radicado por **Conduent** ante este Tribunal de Apelaciones ("TA") el **16 de marzo de 2026**;[14] el cual, fue desestimado el **27 de marzo de 2026**, por un Panel hermano, resolviendo lo siguiente:

> [l]a Junta Revisora tenía hasta el **19 de marzo de 2026** para adjudicar la *Solicitud de Revisión de Decisión Administrativa* que le presentó la parte recurrente. Por tanto, en consideración al hecho de que Conduent presentó el recurso de epígrafe el **16 de marzo de 2026**, es forzoso concluir que este es prematuro. Por consiguiente, carecemos de jurisdicción para adjudicarlo en los méritos y procede su desestimación.[15]

Antes de que la Secretaría del TA remitiera el mandato, el **8 de abril de 2026**, **Conduent** sometió un nuevo recurso de revisión judicial ante este Foro Apelativo,[16] y señaló el siguiente error:

> *LA JUNTA DE SUBASTAS ACTUO DE FORMA IRRAZONABLE Y EN ABUSO DE SU DISCRECION AL PERMITIR QUE EVERTEC REDUJERA EN UN 55% SU OFERTA ECONOMICA EN EL PROCESO DE BAFO, AUN CUANDO EXISTIAN DUDAS SOBRE LA VIABILIDAD DE SU OFERTA Y SIN QUE SE ACLARARAN ADECUADAMENTE LAS MISMAS, VICIANDO EL RESULTADO.*

En cumplimiento con nuestra orden,[17] el **28 de abril de 2026**, la Administración de Servicios Generales del Gobierno de Puerto Rico ("ASG"), en representación de la **Junta de Subastas-ASG**,

---

[10] *Íd.*, a las págs. 54 – 62.; y Apéndice 4 "*1) Appendix – Part 2 Resolution Docs and Administrative Review Docs*" de la Entrada Núm. 1 del caso TA2026RA00161, a las págs. 1–12.

[11] Apéndice 4 "*1) Appendix – Part 2 Resolution Docs and Administrative Review Docs*" de la Entrada Núm. 1 del caso TA2026RA00161, a las págs. 13–37.

[12] *Íd.*, a las págs. 38 – 39.

[13] *Íd.*, a las págs. 61 – 62.

[14] Véase, *Sentencia* emitida y notificada el 27 de marzo de 2026, por el Panel IX en la Entrada Núm. 6 del caso TA2026RA00111 en SUMACTA.

[15] *Íd. Énfasis en original.*

[16] Entrada Núm. 1 del caso TA2026RA00161 en SUMACTA.

[17] Véase, *Resolución* emitida y notificada el 15 de abril de 2026. Entrada Núm. 2 del caso TA2026RA00161 en SUMACTA.

presentó una *Moción de Desestimación*.[18] Entre otras cosas, alegó que la controversia planteada en el presente recurso no se encuentra lista para su revisión judicial por ser una prematura. Específicó que carecemos de jurisdicción, debido a que **Conduent** acudió ante este Tribunal apelativo sin que el mandato del caso **TA2026RA00111** fuera remitido. Añadió que el aludido recurso fue entre las mismas partes, y que este Tribunal determinó que la **Junta Revisora-ASG** conservaba la jurisdicción para adjudicar en sus méritos la revisión administrativa. Por ende, solicitó que se desestimara el presente recurso por carecer de jurisdicción.

El **4 de mayo de 2026**, **Evertec** presentó el escrito *Alegato de Evertec Group, LLC en Oposición a Recurso de Revisión Judicial de Determinación Administrativa*.[19]

Habiendo comparecido las partes, procedemos a disponer de la controversia jurisdiccional que nos ocupa.

**-II-**

**-A-**

La figura del mandato ha sido discutida por el Tribunal Supremo de Puerto Rico para expresar lo siguiente:

> El mandato es una figura enmarcada dentro de los procesos apelativos judiciales. Este se ha definido como el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar en conformidad con la misma.[20]

En ese sentido, el Tribunal Supremo de Puerto Rico destaca la relevancia especial del efecto jurisdiccional del mandato al expresar:

> El concepto mandato cobra especial relevancia en lo concerniente a los efectos de índole jurisdiccional que pueda tener su remisión al foro de origen. Según establecido en las disposiciones legales pertinentes, una vez el tribunal en alzada emite su determinación, y la misma adviene final y firme, se enviará el mandato correspondiente al foro

---

[18] Entrada Núm. 7 del caso TA2026RA00161 en SUMACTA.
[19] Entrada Núm. 8 del caso TA2026RA00161 en SUMACTA.
[20] *Pueblo v. Rosario Paredes*, 209 DPR 155, 168 (2022); *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 288, 300 – 301 (2012); *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012).

recurrido. Es en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces que éste pierde jurisdicción en lo concerniente al asunto.[21]

Más aún, el Tribunal Supremo de Puerto Rico ha indicado expresamente los efectos que tiene la remisión del mandato y, a esos fines, ha señalado que:

> [l]uego de paralizados los procedimientos en el foro de origen, éste pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta tanto el tribunal revisor le remite el mandato correspondiente.
>
> Lo anterior tiene el efecto ineludible de anular toda actuación que lleve a cabo el foro revisado, luego de que los asuntos se hayan paralizado y previo a recibir el mandato.[22]

Nótese, que la figura del mandato se encuentra delineada en el Reglamento del Tribunal de Apelaciones,[23] y es regulada por la Regla 84(E), que establece lo siguiente:

> La Secretaria o el Secretario enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando este haya sido elevado. Esto ocurrirá: (i) una vez transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, o (ii) en cualquier momento anterior a dicha fecha, o a la fecha en que advenga final y firme la decisión, cuando, a iniciativa propia o a solicitud de parte, así lo ordene el Tribunal de Apelaciones por causa justificada.[24]

Conforme a lo anterior, el foro de origen no adquiere jurisdicción nuevamente para poder continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada, hasta tanto reciba el mandato del tribunal revisor. [25]

Es decir, en virtud del mandato, es que le es devuelta la autoridad para actuar, según lo dispuesto por el tribunal revisor.

> En resumen, luego de paralizados los procedimientos en el foro de origen, éste pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta tanto el tribunal revisor le remite el mandato correspondiente.[26]

---

[21] *Colón y otros v. Frito Lays, supra*, a la pág.153.
[22] *Íd.*, a la pág.154. (Citas Omitidas).
[23] Regla 84(E) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas., Reglamento TA*, 2025 TSPR 141, pág. 120, 216 DPR ___ (2025).
[24] *Íd.*
[25] *Colón y otros v. Frito Lays, supra*, pág. 153-154.
[26] *Íd.*, a la pág.154. (Citas Omitidas).

**-B-**

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[27] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[28]

Por lo tanto, es norma reiterada en nuestro ordenamiento que; *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[29] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[30] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[31]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata *no está listo para adjudicación*; esto es, cuando la controversia no está debidamente *delineada, definida y concreta*. Ello tiene como resultado la falta de jurisdicción del tribunal al que se recurre.[32] Es sabido es que un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[33] Esto, por razón de que su presentación

---

[27] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).; *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[28] *IG Builders et al. v. BBVAPR, supra*, pág. 334.
[29] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[30] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[31] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[32] *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.; *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[33] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 883.

carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[34]

Cónsono con dicho principio de derecho, nuestro Reglamento autoriza a los jueces de este Foro Apelativo a desestimar aquellos recursos sobre los cuales no tiene jurisdicción.[35]

**-III-**

Resolvemos desestimar el recurso por prematuro. Veamos.

En primer orden, la *Sentencia* del caso **TA2026RA00111** emitida y notificada el 27 de marzo de 2026, desestimó el mismo por prematuro. Resolvió que la Junta Revisora de Subastas-ASG conservaba jurisdicción sobre el caso al haber acogido la solicitud de reconsideración presentada, y extender el término por quince (15) días adicionales.

En segundo orden, a la fecha en que fue presentado el recurso de epígrafe (8 de abril de 2026), la Secretaría del Tribunal de Apelaciones no había emitido el mandato en el caso **TA2026RA00111**.

En consecuencia, el recurso de revisión judicial de epígrafe, resulta prematuro, pues **Conduent** interpuso el mismo antes de que la Secretaría del TA expidiera el mandato en el caso **TA2026RA00111**. Por consiguiente, una vez se remita el mandato, la **Junta Revisora de Subasta-ASG** recuperará la jurisdicción para actuar sobre la reconsideración de esta subasta.

**-IV-**

Por los fundamentos antes discutidos, se **desestima** el recurso presentado por prematuro.

---

[34] *Íd.*

[35] Regla 83 incisos (B)(2) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116 – 118, 216 DPR ____ (2025).

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones